ACCEPTED
03-15-00451-CV
7070314
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/23/2015 7:55:29 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00451-CV

| | | |
|---|---|---|
| ANGELA BROOKS-BROWN | § | IN THE THIRD |
| | § | |
| v. | § | COURT OF APPEALS |
| | § | |
| USAA TEXAS LLOYD'S COMPANY | § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/23/2015 7:55:29 PM
JEFFREY D. KYLE
Clerk

## APPELLANT'S RESPONSE TO
## APPELLEE'S MOTION TO DISMISS

Appellant asks the Court to deny appellee's motion to dismiss the appeal.

### A. INTRODUCTION

1. Appellant is Angela Brooks-Brown (Appellee or Plaintiff); appellee is USAA Texas Lloyd's Company ("USAA," Appellee, or Defendant).

### B. ARGUMENT & AUTHORITIES

2. Although the Court has authority to dismiss an appeal if the appeal is moot, this is not a case in which the Court should do so. See *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

3. This appeal comes under an exception to the mootness doctrine because the issue in this appeal is capable of repetition, yet will continue to evade review. *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999); *State v. Lodge*,

608 S.W.2d 910, 912 (Tex. 1980). Specifically, the exception applies because (1) the challenged conduct is of such short duration that it could not be reviewed before the appeal became moot, and (2) there is a reasonable expectation that the challenged conduct will occur again if the appeal is not considered. *Blum*, 997 S.W.2d at 264.

4. USAA issued an insurance policy to appellant that contained the following appraisal clause:

"If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. **If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located**. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they

will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss." (CR 893).

5. Appellant demanded appraisal of the loss on March 5, 2015 and provided USAA with the identity of its appraiser on April 20, 2015. (CR 432, 434). USAA identified its appraiser on April 23, 2015. (CR 638). On or about June 6, 2015, appellant filed a petition in County Court at Law No. 1 of Jefferson County, Texas asking that court to appoint an umpire. (CR 534, 841). USAA then filed a Motion for Appointment of Umpire in Appraisal Proceeding in the 146th Judicial District Court of Bell County, Texas on June 9, 2015. (CR 420). In addition, USAA filed an application for temporary injunction in Bell County asking that court to enjoin appellant from proceeding in the Jefferson County action. (CR 569). The Bell County court granted USAA's application for temporary injunction and granted USAA's motion for appointment of appraisal umpire. (CR 928). The Bell County court quickly appointed an umpire on July 10, 2015. (CR 686). Appellant filed her notice of appeal on July 21, 2015. (CR 932). The umpire issued an appraisal award on August 13, 2015, which was one day after the

clerk's record was filed and twenty days before the reporter's record was filed in this court of appeals. *See* Exhibit A to Appellee's Motion to Dismiss.

6. The conduct of defendant that plaintiff challenges in this appeal was of such short duration that it could not be reviewed before the appeal became moot. Plaintiff filed her notice of appeal on July 21, 2015. (CR 932). The appraisal umpire issued an award on August 13, 2015, which was twenty days before the reporter's record was filed. Once the Bell County court appointed an umpire, the extrajudicial appraisal process proceeded with lighting speed and rendered a review of defendant's conduct an impossibility.

7. Counsel for plaintiff is lead counsel on several other cases pending in Bell County, Texas in which a USAA insurance company is defendant. Each of these cases involves insurance policies that contain appraisal language that is identical to the appraisal language contained in the insurance policy at issue in this appeal. Counsel for plaintiff, on behalf of the plaintiffs in one or more of those cases, intends to ask courts located

outside of the counties in which those properties are located to appoint umpires for appraisal proceedings. In addition, in future lawsuits that plaintiff's counsel files against USAA, plaintiff's counsel intends to follow the same course of action if the insurance policies in those cases expressly allow either party to ask any court in the state of Texas to appoint an appraisal umpire. Therefore, there is a reasonable expectation that the challenged conduct will occur again if the appeal is not considered.

### C. CONCLUSION & PRAYER

8. USAA has sold insurance policies to consumers that contain language which expressly allows USAA's insureds to ask any judge in the state of Texas to appoint an appraisal umpire. When an insured asks a Texas court to appoint an umpire, USAA then files an injunction application and asks a different court to appoint an umpire. Once the application for injunction is granted and the court that USAA petitioned appoints an umpire, the umpire makes a quick decision and allows USAA to argue on appeal that the case is moot. This strategy allows USAA to deny its policyholders rights to which they are entitled under the policy.

Because the challenged conduct is of such short duration that it could not be reviewed before the appeal became moot, and because there is a reasonable expectation that the challenged conduct will occur again if the appeal is not considered, the court should apply an exception to the mootness doctrine and consider the appeal.

9. For these reasons, appellant asks the Court to deny appellee's motion and continue with this appeal.

Respectfully Submitted,

SCOTT LAW OFFICES
350 Pine Street, Suite 300
Beaumont, Texas 77701
Telephone: (409) 833-5400
Facsimile:   (409) 833-5405


 /s/ *Danny Ray Scott*
_____
Danny Ray Scott
State Bar No. 24010920
Email:danny@scottlawyers.com
SEAN M. PATTERSON
State Bar No. 24073546
Email: sean@scottlawyers.com
VIRGINIA IZAGUIRRE
State Bar No. 24083230
Email: virginia@scottlawyers.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below electronically though the court's electronic-filing manager on September 23, 2015:

Lisa A. Songy
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
E-Mail Address: LisaS@tbmmlaw.com

/s/ Danny Ray Scott
_____
Danny Ray Scott